## 10352

### STEVENS v. HARTFORD FIRE INSURANCE COMPANY.

#### (101 S. E. 843.)

1. INSURANCE—INSURER NOT LIABLE TO PURCHASER AFTER FIRE, IN ABSENCE OF CONSENT EFFECTING A NEW CONTRACT.—Where mortgaged property was insured against fire by policy, containing a mortgage clause, also providing that it should be void if any change other than by death of insured took place in title or possession, and insured sold the property, a new insurance contract coming into existence between the insurer and purchaser by agreement indorsed on the policy, and, after fire resulting in complete loss, plaintiff bought the property, with the policy, from the purchaser, insurer was not liable to plaintiff,. having properly paid the mortgagee the full amount of insurance, which was the amount of the mortgage.

2. INSURANCE—NO LIABILITY OF INSURER FOR PUNITIVE DAMAGES FOR DELAY IN PAYMENT TO DISCOVER PARTY ENTITLED.—A fire insurer had right to delay payment of loss until it could ascertain who was entitled, whether a mortgagee of the property or a purchaser subsequent to loss from the original owner's successor, and for so doing is not liable to the purchaser for punitive damages after properly having paid the loss to the mortgagee.

Before MAULDIN, J., Lexington, Spring term, 1919. Reversed, and complaint dismissed.

Action by R. H. Stevens against the Hartford Fire Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. Barron, McKay, Frierson & McCants,* for appellant, submit: *There was not sufficient evidence presented to the jury from which they were justified in finding that any contract whatever existed between the parties:* Cooley's Briefs on Insurance, vol. II, p. 1716; Vance on Insurance, p. 48; 14 R. C. L., p. 926, p. 1007, sec. 185; 118 U. S. 495; 6 Supreme Court Reporter 1150 and 1157; Cooley's Briefs on Insurance, vol. II, p. 1713; Cooley's Briefs on Insurance, vol. I, p. 628; 98 S. E. Rep. (S. C.) 334. *The question of waiver should not have been submitted to the jury:* 98 S. E. (S. C.), p. 334; 102 S. C. 115; 107 S. C. 393; 70 S. C. 75;

68 S. C. 387, at pp. 291 and 392; 102 S. C., pp. 127-128; 107 S. C. 291, at page 299; 108 S. C. 137, at p. 143; 95 S. C. 1. *There is no evidence in the case to sustain the finding of fraud, or the verdict for punitive damages, and these issues should not have been submitted to the jury:* 87 S. C. 339. *The judgment as to actual damages should be reversed because it is founded upon improper evidence which the jury was allowed to consider:* Sedwick on Damages, vol. II, p. 1506, p. 1513; 102 S. C. 140; 16 Wall. (U. S.) 378; 21 L. Ed., p. 359; 3 How. 102; 1 Mass. 117; 4 Dall. 325; 2 Burr. 1086; Sedg. Dam., 4th Ed. 434; 174 Fed. Rep. 949, at p. 954; 159 Fed. Rep. 275. *Copy of deed from Rhame to plaintiff was improperly admitted in evidence:* Civil Code, vol. I, sections 3999-4000.

*Messrs. R. Y. Kibler* and *Timmerman, Graham & Callison,* for respondent, submit: *There was no error in refusing to strike out certain allegations of the complaint:* 96 S. C. 241; 91 S. C. 477. *An order refusing to strike out allegations as irrelevant is not appealable:* 96 S. E. 354. *The admission or exclusion of evidence on the ground of relevancy or irrelevancy is a matter within the discretion of the trial Court:* 98 S. C. 121; 82 S. E., p. 274. *The copy of deed was properly admitted in evidence:* 82 S. C. 427. *The nonsuit was properly refused:* 100 S. C. 389; 97 S. C. 331. *The acts and circumstances brought out in the testimony showed deceit and fraud upon the part of the defendant, and the question of fraud and punitive damages was properly submitted to the jury:* 95 S. C. 61; 70 S. C. 108; 98 S. C. 240. *The question of waiver was properly submitted to the jury:* 102 S. C. 115.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover $2,999, damages alleged to have resulted to the plaintiff by reason of the alleged wilful

and fraudulent breach of its contract of insurance by the defendant.   The cause was tried before Judge Mauldin, and a jury, at the April term of Court, 1917, for Lexington county, and resulted in a verdict for the plaintiff in the sum of $1,200 actual and $600 punitive damages.   After entry of judgment defendant appeals, and by 11 exceptions raises the question, amongst others, that "Under the terms of the policy of insurance, which the plaintiff relies on as constituting the contract between the parties, there was not sufficient testimony presented to the jury which they were justified in finding that any contract whatever existed between the parties."

The policy sued for was $1,500.

Kibler owned the property when insurance policy was procured; he sold and transferred the property to Rhame, and a new contract came into existence between Rhame and the defendant, provided for in the policy contract by having the agreement to that effect indorsed on the policy.   There was a first mortgage on the property for $1,500, held by Mrs. McGowan, and a second mortgage for $100, held by Mrs. Smoak.   The policy contained a mortgage clause, providing that any loss under the policy should be paid to the first mortgage.   The fire resulted in a complete loss.   The insurance company denied liability to the owner of the premises, but admitted liability to the mortgagee, and paid to the mortgagee the full amount of the property, to wit, $1,500.   Rhame then sold the property to appellant, and transferred the policy—to whom?   Defendant denies that it made any contract with respondent, and relies on the provision of the policy, which is:

"This entire policy, unless otherwise provided by agreement, indorsed hereon, or added hereto, shall be void * * * if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance * * * whether by legal process or judgment, or by voluntary act of the insured or otherwise."

The evidence clearly shows that a change did take place in the interested title, a conveyance from Rhame to the respondent, and no indorsement was made upon the policy.

The policy itself fails to establish the alleged contract with the respondent. When the respondent bought the insurance policy of Rhame, the consent of the insurance company was necessary to make a new contract and accept the respondent as the insured. The appellant might have been satisfied to insure Kibler and Rhame as they did insure them, but might have been unwilling to insure Stevens. But the appellant carried out its contract by paying the full amount that it had contracted to pay under the provisions of the policy and the terms thereof to the first mortgagee, Mrs. McGowan. It was a contract to pay a sum of money for property if destroyed by fire, and there was no fraud or fraudulent act on their part in issuing the policy of insurance and procuring the business, and, in view of the case, under the evidence, no punitive damages could be awarded against them.

The appellants had the right to delay the payment of the loss until they could ascertain who was entitled to be paid the loss. The evidence shows that they paid the full amount contracted for under the provisions of the policy, to the proper party, and that they should not be made to pay again.

Under all of the evidence in the case, the respondent has failed completely to establish any case either for actual or for punitive damages. There is no evidence as to actual damages, and there is no evidence to show that appellant "breached its contract, accompanied by a fraudulent act resulting in damages to the other party to the contract."

The judgment must be reversed, and complaint dismissed.

Reversed.